## MARGARET A. YOUNG v. PENN MUTUAL LIFE INSURANCE COMPANY.[1]

March 1, 1935.

No. 30,245.

*Margaret A. Young,* pro se.
*Tryon & Everett,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action to set aside a mortgage foreclosure and sheriff's certificate issued thereunder. Plaintiff owns certain property on which defendant holds a mortgage executed in 1926 to secure a loan of $25,000. October 1, 1931, the loan became due. At that time plain-

[1]Reported in 259 N. W. 405.

tiff had paid the interest and $4,000 on the principal. Plaintiff and defendant thereupon entered into negotiations for a renewal of the loan and made an agreement that plaintiff was to execute new notes and a new mortgage for $21,000 to be due in three years. Plaintiff was to execute together with this new mortgage an assignment of all the rents from the premises, except the sum of $50 a month and the use of one apartment. Pursuant to this agreement Thorpe Bros., defendant's agents, prepared and submitted to plaintiff a new mortgage and new notes. Plaintiff duly executed and returned the same to Thorpe Bros. Plaintiff at that time offered to execute an assignment of rents, but Thorpe Bros., for reasons unnecessary to detail, refused to accept the same. Defendant received the new notes and the new mortgage executed by plaintiff but some months later returned the same to plaintiff marked void and canceled.

Shortly thereafter and on November 20, 1932, defendant commenced foreclosure of the first and original mortgage. A sale was had, and this action is brought to set the same aside. On the trial several issues were submitted to the jury, whose special verdicts were made a part of the court's findings of fact. The court found that defendant was at fault and violated the agreement made. As a conclusion of law he ordered that plaintiff have judgment setting aside and avoiding the mortgage foreclosure sale provided that within 15 days plaintiff execute a new mortgage and notes substantially in accordance with the agreement of renewal which defendant previously had violated. This the plaintiff has not done. She appeals from the judgment.

It appears that plaintiff has paid nothing on the principal or interest on the debt since late in 1931. Defendant has paid the taxes since that time. Plaintiff waited until the last day to appeal from the order of the lower court herein.

We find the conditions imposed by the trial court in its order were just and equitable. A court of equity can mold its relief to fit the exigencies of the situation before it. Assuming that defendant was at fault in refusing to comply with the terms of the renewal agreement, yet it appears that the equities favor it as against

580

plaintiff, who has succeeded in postponing defendant's possession of the premises for two years and better without paying a cent. All the court did was to order performance by the parties substantially in accord with the agreement which they had voluntarily entered into. Plaintiff at one time had assented to this agreement and had in fact performed. No reason can be found why she should be unwilling now except a desire to delay. A court of equity has broad discretion which this court will not reverse except for a flagrant abuse thereof. Such abuse is not found here.

Affirmed.

HOLT, JUSTICE, being disqualified, took no part.